IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELSA FERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| ALLSTATE FIRE AND CASUALTY | § | |
| INSURANCE COMPANY, MELISSA | § | |
| KRUSE AND BRAD WILLIAMSON, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Allstate Fire and Casualty Insurance Company in Cause No. DC-15-07365-B, pending in the 44th Judicial District Court of Dallas County, Texas, files this Notice of Removal from that court to the United States District Court for the Northern District of Texas, Dallas Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

### I.
### FACTUAL BACKGROUND

1.1    On or about June 30, 2015, Plaintiff filed Plaintiff's Original Petition in the matter styled *Elsa Fernandez v. Allstate Fire and Casualty Insurance Company, Melissa Kruse and Brad Williamson,* Cause No. DC-15-07365-B, pending in the 44th Judicial District Court of Dallas County, Texas, in which Plaintiff made a claim for damages to her home under a homeowner's insurance policy with Allstate Fire and Casualty Insurance Company.

1.2     Plaintiff served Defendant Allstate Fire and Casualty Insurance Company ("Allstate") with Plaintiff's Original Petition and process on July 17, 2015, by certified mail through its registered agent, CT Corporation System.

1.3     Plaintiff served adjuster Defendant Melissa Kruse with Plaintiff's Original Petition and process on July 22, 2015 by certified mail to 51 West Higgins Road, South Barrington, Illinois 60010, the address that she has listed with the Texas Department of Insurance.

1.4     Plaintiff served agent Defendant Brad Williamson ("Williamson") with Plaintiff's Original Petition and process on July 16, 2015, at his principle place of business at 5200 McDermott, Suite 210, Plano, Texas 75024 by certified mail.

1.5     Simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is the Index of State Court Documents that clearly identifies each document and indicates the date the document was filed in state court. Attached as Exhibit "B" is a copy of the docket sheet and all documents filed in the state court action are attached as Exhibits "B-1" through Exhibit "B-10" as identified on the Index of Documents.

## II.
## BASIS FOR REMOVAL

2.1     Defendant files this notice of removal within 30 days of receiving Plaintiff's Original Petition. *See* 28 U.S.C. §1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *See id.*

2.2     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

A.   **THE PROPER PARTIES ARE OF DIVERSE CITIZENSHIP AND THE COURT SHOULD DISREGARD THE CITIZENSHIP OF DEFENDANT BRAD WILLIAMSON BECAUSE HE HAS BEEN FRAUDULENTLY JOINED IN THIS LAWSUIT.**

2.3    Plaintiff is, and was at the time the lawsuit was filed, a natural person and a resident of Dallas County in the State of Texas and thus, is a citizen of Texas. *See* Plaintiff's Original Petition, ¶ 2.  On information and belief, Plaintiff intends to continue residing in Texas and is thus domiciled in Texas. *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (evidence of a person's place of residence is prima facie proof of his state of domicile, which presumptively continues unless rebutted with sufficient evidence of change).

2.4    Defendant Allstate Fire and Casualty Insurance Company is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes, and therefore, complete diversity exists.

2.5    According to Plaintiff's Original Petition, Defendant Kruse is citizen of the State of Illinois.  *See* Plaintiff's Original Petition, ¶ 4.  On information and belief, Defendant Kruse is a citizen of the State of Virginia.

2.6    Although Defendant Williamson is a citizen of the State of Texas, it is Allstate's position that he has been improperly and/or fraudulently joined and is therefore is not a proper party to this lawsuit.  For this reason, the court should not consider Defendant Williamson's Texas citizenship in determining that diversity jurisdiction exists.

B.   **DEFENDANT AGENT, BRAD WILLIAMSON, HAS BEEN IMPROPERLY AND/OR FRAUDULENTLY JOINED IN THIS LAWSUIT.**

2.7    With respect to the claims against agent Defendant Williamson, it is Defendant Allstate's position that he has been fraudulently and/or improperly joined in this action. The doctrine of fraudulent joinder ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *See Borden v.*

*Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).  Improper joinder is established where the defendant shows (1) actual fraud in the jurisdictional pleadings of the facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (citing *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)); *Jimenez v. Travelers Indem. Co.*, No. H-09-1308, 2010 WL 1257802, *1 (S.D. Tex. Mar. 25, 2010).

2.8    The test for improper joinder is that "there is no reasonable basis for the circuit court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573; *see Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, No. H-09-1728, 2009 WL 3602043, at *1 (S.D. Tex. Oct. 27, 2009).  The court may conduct the test using a Rule 12(b)(6) analysis of the complaint to determine whether the plaintiff states a claim or using a summary inquiry to identify discrete and undisputed facts that would preclude recovery.  *See id.*  The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994).

2.9    Here, Plaintiff fails to offer any specific facts in support of her claims against the agent Defendant Williamson and therefore she fails to make the required "factual fit between [their] allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).  *See* Plaintiff's Original Petition. Further, Plaintiff's unspecific, conclusory claims against agent Defendant Williamson are apparently based on allegations that he misrepresented the terms of the policy.  However, an agent has no duty to explain the terms or coverages of a policy to the insured.  *Heritage Manor of Blaylock Properties, Inc. v. Petersson,* 677 S.W.2d 689, 691 (Tex.App.—Dallas 1984, writ ref'd n.r.e.).  An insured has a duty to read

and be familiar with the terms of his own policy, and is bound to the terms of the policy whether

he has read it or not. *Burton v. State Farm Mutual Auto. Ins. Co.,* 869 F.Supp. 480, 486 (S.D.

Tex. 1994); *American Guarantee & Liability Ins. Co. v. Slel-Ray Underwriters, Inc.*, 844 F.Supp.

325, 332 (S.D. Tex. 1993).

2.10    In addition, Texas courts have held that a policyholder's mistaken belief regarding

the scope or availability of coverage is not actionable.  *See Employers Casualty Co. v.

Fambrough*, 694 S.W.2d 449, 452 (Tex. App.—Eastland 1995, writ ref'd, n.r.e.) (finding that an

agent's representation that insurance coverage was "adequate" and "sufficient" was insufficient

to create liability for misrepresentation under the DTPA); *Moore v. Whitney Baker Insurance

Agency*, 966 S.W.2d 690, 692 (Tex. App.—San Antonio 1998) (finding that even though insured

thought he was covered for all liability, no DTPA or Insurance Code liability for refusal to

defend an employment lawsuit when insured admitted that the agent had never specifically said

that he would be covered for all lawsuits).

2.11    Plaintiff's list of blanket, conclusory allegations against agent Defendant

Williamson is a common tactic that courts in this Circuit do not favor. *See Waters*, 158 F.R.D. at

109 (finding fraudulent joinder).    Plaintiff's case is an example of a simple dispute over

insurance coverage "clothed in legal garb woven with a multitude of legal theories designed to

maximize" her gain and impose liability on a third party "because of [the] alleged relationships

to the insurance coverage dispute." *See McLaren v. Imperial Cas. & Indem. Co.,* 767 F.Supp.

1364, 1367 (N.D. Tex. 1991) (granting summary judgment for agent and finding fraudulent

joinder), *aff'd,* 968 F.2d 17 (5th Cir. 1992), *cert. denied,* 507 U.S. 915 (1993).  This Court should

look past Plaintiff's cursory and general pleadings against agent Defendant Williamson and find

fraudulent joinder as this matter is a coverage dispute in which agent Defendant Williamson cannot be liable.

### C.   THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.

2.12    In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); s*ee Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.,* 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

2.13    This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff alleges that Defendants are liable under a residential insurance policy because Plaintiff made a claim under that policy and Defendants wrongfully adjusted and denied Plaintiff's claim. Plaintiff has specifically pled that she is seeking monetary relief over $100,000. *See* Plaintiff's Original Petition, ¶ 74. This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

## III.
## THE REMOVAL IS PROCEDURALLY CORRECT

3.1   Defendant Allstate was served with Plaintiff's Original Petition and process on July 18, 2015.   This notice of removal is filed within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2   Defendant Kruse consents to this removal. *See* Exhibit "C."

3.3   Although Defendant Willaimson has been served, his consent is not required in this case as he has been fraudulently joined solely to defeat diversity jurisdiction. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). However, Defendant Williamson does consent to this removal. *See* Exhibit "D".

3.4   Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.5   Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.6   Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.7   Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Dallas County District Court, promptly after Defendant files this Notice.

## IV.
## CONCLUSION

4.1    Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Allstate Fire and Casualty Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

_____/s/ Eric K. Bowers_____
Eric K. Bowers
State Bar No.  09601500, IL 6182756
rhiggins@thompsoncoe.com
Eric K. Bowers
State Bar No.  24045538
ebowers@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:        (214) 871-8200
Fax:              (214) 871-8209

ATTORNEYS FOR DEFENDANTS
ALLSTATE FIRE AND CASUALTY INSURANCE
COMPANY, MELISSA KRUSE AND BRAD
WILLIAMSON

## CERTIFICATE OF SERVICE

This is to certify that on August 17, 2015, a copy of this document was served to all Counsel of Record via electronic notice and/or certified mail, return receipt requested to:

David P. Wilson
DWilson@pulf.com
Ryan M. Schaper
RSchaper@pulf.com
PROVOST UMPHREY LAW FIRM LLP
490 Park Street, Suite 100
Beaumont, Texas 77701
Fax: (409) 838-8888

Chad T. Wilson
CWilson@cwilsonlaw.com
Christian E. Hawkins
CHawkins@cwilsonlaw.com
CHAD T WILSON LAW FIRM PLLC
1322 Space Park Drive, Suite A155
El Paso, Texas 77058
Fax: (281) 940-2137

_____/s/ Eric K. Bowers_____
Eric K. Bowers