IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ELSA FERNANDEZ, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:15-CV-2689-D |
| VS. § | |
| § | |
| ALLSTATE FIRE AND CASUALTY § | |
| INSURANCE COMPANY, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Elsa Fernandez ("Fernandez") moves to remand this removed case,[1] contending that the parties are not completely diverse because defendant Brad Williamson ("Williamson")—an insurance agent—is a Texas citizen. Defendants Allstate Fire and Casualty Insurance Company ("Allstate"), Melissa Kruse ("Kruse"), and Williamson oppose this motion, asserting that Williamson's citizenship must be disregarded because he has been improperly joined. Concluding that defendants have met their heavy burden of establishing improper joinder, the court denies Fernandez's motion.

I

This lawsuit arises in connection with a severe hail and wind storm that damaged Fernandez's residence (the "Property"). According to Fernandez's state-court original

---

[1]Fernandez's motion is entitled a "motion to abstain and remand," but it is in fact a motion to remand. The court will therefore refer to it in this memorandum opinion and order only as a motion to remand.

petition ("petition"), Allstate insured the Property under a homeowner's insurance policy (the "Policy") that included coverage for hail and windstorm damage. Williamson, an Allstate agent, sold the Policy to Fernandez. After Fernandez made a claim under the Policy, Allstate assigned Kruse to inspect and adjust the claim. Fernandez alleges generally that she suffered damages by relying on defendants' misrepresentations regarding coverage under the Policy. Concerning Williamson specifically, Fernandez asserts that he engaged in conduct that violated several provisions of § 541.006(a) of the Texas Insurance Code and of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Tex. Bus. & Com. Code §§ 17.41-17.63 (West 2011). Fernandez alleges that Williamson represented that the Policy had characteristics or benefits that it did not possess, thereby violating Tex. Bus. & Com. Code § 17.46(b)(5); represented that the Policy was of a particular standard, quality, or grade when it was of another, thereby violating Tex. Bus. & Com. Code § 17.46(b)(7); took advantage of Fernandez's lack of knowledge, ability, and experience to a grossly unfair degree so as to constitute unconscionable conduct, in violation of Tex. Bus. & Com. Code § 17.50(a)(3); and engaged in unfair practices in the business of insurance, thereby violating Tex. Bus. & Com. Code § 17.50(a)(4). She also alleges that Williamson acted knowingly and intentionally.

Fernandez filed this suit in Texas state court. Allstate, with the consent of Kruse and Williamson, removed the case to this court based on diversity of citizenship, contending that Williamson—a Texas citizen—had been improperly joined. Fernandez moves to remand the case to state court, maintaining that Williamson's Texas citizenship deprives this court of

subject matter jurisdiction and precludes removal. Defendants oppose the motion. Fernandez has not filed a reply brief, and the motion is ripe for decision.

II

For a case to be removed based on diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citation omitted). Moreover, under 28 U.S.C. § 1441(b), a case cannot be removed based on diversity jurisdiction if any properly joined defendant is a citizen of the state in which the action is brought (here, Texas).

The doctrine of improper joinder is a narrow exception to the rule of complete diversity, and it "entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The doctrine allows federal courts to defend against attempts to manipulate their jurisdiction, such as by joining nondiverse parties solely to deprive federal courts of diversity jurisdiction. *See id.* at 576. Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Therefore, the removal statute is strictly construed, with "any doubt about the propriety of removal [being] resolved in favor of remand." *Id.* at 281-82. Moreover, in determining whether a party was improperly joined, the court "resolve[s] all contested factual issues and ambiguities of state law in favor of the plaintiff." *Id.* at 281. The party seeking removal

bears a heavy burden to prove improper joinder. *Smallwood*, 385 F.3d at 574.

Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the nondiverse defendant in state court. *Parsons v. Baylor Health Care Sys.*, 2012 WL 5844188, at *2 (N.D. Tex. Nov. 19, 2012) (Fitzwater, C.J.) (citing *Smallwood*, 385 F.3d at 573). Under the second alternative—the one at issue in this case[2]—the test for improper joinder is

> whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

*Smallwood*, 385 F.3d at 573; *see also Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (explaining that terms "no possibility" of recovery and "reasonable basis" for recovery have essentially identical meaning, and holding that pleadings must show more than "any mere theoretical possibility of recovery"). To assess "whether a plaintiff has a reasonable basis of recovery under state law,"

> [t]he court may conduct a [Fed. R. Civ. P.] 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.

---

[2]Defendants assert that Fernandez's joinder of Williamson "is not only improper, it is fraudulent." Ds. Br. 1. The court need not consider whether defendants have demonstrated actual fraud in pleading the jurisdictional facts. It is sufficient for the court to decide this motion under the second alternative.

> That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood*, 385 F.3d at 573 (footnotes omitted).

III

A

Allstate asserts that Williamson has been improperly joined because Fernandez has not alleged a reasonable basis for the court to predict that Fernandez might recover against Williamson. Allstate argues that, aside from general allegations against defendants as a group, the sole conduct that Fernandez asserts against Williamson as a basis for recovery is that he represented that the Policy included hail and windstorm coverage for the Property. Allstate maintains that, although Fernandez alleges that this was a misrepresentation of the coverage provided by the Policy, the Policy specifically includes coverage for loss caused by windstorm or hail. For this reason, Allstate argues that Williamson's purported statement was patently true and therefore not actionable so as to form a reasonable basis for the court to predict recovery against Williamson.

B

Allstate has met its heavy burden of demonstrating that there is no reasonable basis for the court to predict that Fernandez might be able to recover against Williamson. Fernandez alleges that Williamson's conduct constitutes multiple violations of Tex. Ins. Code Ann. § 541.060(a), as well as violations of the DTPA under Tex. Bus. & Com. Code

- 5 -

§§ 17.46(b)(5), 17.46(b)(7), 17.50(a)(3), and 17.50(a)(4). Fernandez alleges that defendants collectively made a number of misrepresentations, including some regarding coverage. But Williamson cannot be held liable on any of Fernandez's general claims that defendants committed various statutory violations, including the claim that "Defendants" made misrepresentations on which she relied. Fernandez makes a number of allegations against defendants as a group, but in light of Fernandez's acknowledgment of Allstate's role as insurer and Kruse's role as adjuster, the only allegation that can be reasonably inferred as pertaining to Williamson is that there were misrepresentations regarding the coverage the Policy provided. In her petition, Fernandez alleges:

> 19. As stated above, Defendants improperly adjusted Plaintiff's claim. Without limitation, Defendants misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.
>
> 20. Defendants made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendants made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimate prepared by Kruse.
>
> 21. Plaintiff relied on Defendants' misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property.

Pet. ¶¶ 19-21. Fernandez cannot rely on these allegations to support a valid cause of action against Williamson. Fernandez lumps together the conduct of Williamson with that of the

other defendants in "undifferentiated averments" of her petition.  This "does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant." *Plascencia v. State Farm Lloyds*, 2014 U.S. Dist. LEXIS 135081, at *14 (N.D. Tex. Sept. 25, 2014) (McBryde, J.) (quoting *Studer v. State Farm Lloyds*, 2014 WL 234352, at *4 (E.D. Tex. Jan. 21, 2014)); *see Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).  Nor can Fernandez rely on conclusory allegations that merely track the terms of the statutory provisions under which she seeks to recover.  The "mere recitation or paraphrasing of statutory provisions, absent at least a modicum of specificity, fails to meet Texas's 'fair notice' pleading standard." *Weber Paradise Apartments, LP v. Lexington Ins. Co.*, 2013 WL 2255256, at *8 (N.D. Tex. May 23, 2013) (Lindsay, J.).  Therefore, the court must consider the claims she specifically asserts against Williamson to determine whether there is a reasonable basis to predict that she might be able to recover against him.

Fernandez cannot recover against Williamson under Tex. Ins. Code Ann. § 541.060(a).  In her petition, she alleges broadly that "Williamson's conduct constitutes multiple violations of [Tex. Ins. Code Ann.] § 541.060(a)."  Pet. ¶ 58.  It is apparent, however, from the facts alleged in the petition, as well as from the contentions in her motion to remand, that these "multiple violations" must fall under § 541.060(a)(1),[3] which provides:

---

[3] The subsections that follow § 541.060(a)(1) address violations that involve the claim process.  Fernandez alleges that, as an agent, Williamson was involved in the sale of the Policy, but makes no specific allegations that Williamson was involved in any other capacity or at any time after the sale.

> (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary: (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue[.]

Tex. Ins. Code Ann. § 541.060(a)(1). Fernandez alleges that Williamson's role as an Allstate insurance agent in this matter was that of a sales agent. But apart from alleging that Williamson represented "that the Policy included hail and windstorm coverage for damage to Plaintiff's home," Pet. ¶ 12—a representation that is undisputably true considering that the Policy *does* cover physical loss caused by windstorm or hail—Fernandez does not specifically allege that Williamson made any other representations. Except for pleading the claims against him individually, she merely includes him in global allegations concerning all defendants. *See id*. at ¶¶ 19-21. Accordingly, there is no reasonable basis for the court to predict that Fernandez might be able to recover against Williamson under Tex. Ins. Code Ann. § 541.060(a).

Nor can the court predict that Fernandez might be able to recover against Williamson under the DTPA. She has failed for the same reasons as discussed above to adequately allege that Williamson represented that the Policy had characteristics or benefits that it did not possess, in violation of § 17.46(b)(5) of the DTPA, or that he misrepresented that the Policy was of a particular standard, quality, or grade when it was of another, in violation of § 17.46(b)(7). And absent a reasonable basis to predict that Fernandez might be able to recover against Williamson for misrepresenting the Policy, there is no reasonable basis for

the court to predict that Fernandez might be able to recover against him under § 17.50(a)(3) for engaging in unconscionable conduct by taking advantage of her lack of knowledge, ability, and experience to a grossly unfair degree. Finally, there is no reasonable basis for the court to predict that Fernandez might be able to recover against Williamson under § 17.40(a)(4) of the DTPA. Violations under this section are derivative of violations of Chapter 541 of the Insurance Code.

Because Fernandez's petition does not include sufficient allegations for the court to reasonably predict that she might be able to recover against Williamson on any of her claims, defendants have met their heavy burden of demonstrating that Williamson has been improperly joined, and her motion to remand must be denied.

\* \* \*

For the reasons explained, Fernandez's motion to remand is denied.

**SO ORDERED**.

November 4, 2015.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE